UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **NOSSK, INC.**<br><br>　　　　　Plaintiff,<br><br>v.<br><br>**FITNESS ANYWHERE LLC DBA TRX,**<br><br>　　　　　Defendant. | Case No.  21-cv-8914-YGR<br><br>**ORDER DENYING PLAINTIFF'S REQUEST FOR A TEMPORARY RESTRAINING ORDER; ORDER SETTING MOTION RE: PRELIMINARY INJUNCTION**<br><br>Re: Dkt. No. 9 |

Plaintiff Nossk, Inc. has filed an *ex parte* application seeking a temporary restraining order and order to show cause why a preliminary injunction should not be issued. Plaintiff seeks an order requiring defendant to submit notice to Amazon.com, Inc., retracting defendant's prior grievances of patent infringement relating to four of plaintiff's products. Plaintiff's counsel's declaration indicates that he has given notice by voicemail and electronic mail to defendant's counsel. (Dkt. No. 9-1.)

Having considered the complaint, plaintiff's application, the memorandum in support, the declarations of Duane Mathiowetz and Wolfgang Ott, this Court **DENIES** the application on the grounds that plaintiff has not established irreparable harm nor inadequacy of legal remedies.[1]

Requests for temporary restraining orders are governed by the same general standards that govern the issuance of a preliminary injunction. *See New Motor Vehicle Bd. v. Orrin W. Fox Co.,* 434 U.S. 1345, 1347 n.2 (1977); *Stuhlbarg lnt'l Sales Co., Inc. v. John D. Brush & Co.,*

---

[1] Because plaintiff has not shown that it will face immediate irreparable harm, the Court need not and does not consider the likelihood of success, balance of equities, and public interest factors stated in *Winter v. Natural Resources Defense Council. Inc.,* 555 U.S. 7, 20 (2008).

*Inc.*, 240 F.3d 832, 839 n. 7 (9th Cir. 2001). Preliminary injunctive relief, whether in the form of a temporary restraining order or a preliminary injunction, is an "extraordinary and drastic remedy," that is never awarded as of right. *Munaf v. Geren*, 553 U.S. 674, 689-690 (2008) (internal citations omitted). In order to obtain such relief, a plaintiff must establish four factors: (1) it is likely to succeed on the merits; (2) it is likely to suffer irreparable harm in the absence of preliminary relief; (3) the balance of equities tips in its favor; and (4) an injunction is in the public interest. *Winter v. Natural Resources Defense Council. Inc.,* 555 U.S. 7, 20 (2008). "The basis for injunctive relief (temporary, preliminary or permanent) in the federal courts has always been irreparable injury and the inadequacy of legal remedies." *Weinberger v. Romero-Barcelo*, 456 U.S. 305, 312 (1982). In cases seeking a mandatory injunction, the moving party is required to make a higher showing of irreparable harm. *See Marlyn Nutraceuticals, Inc. v. Mucos Pharma GmbH & Co.*, 571 F.3d 873, 879 (9th Cir. 2009) (citations and internal quotation marks omitted) (explaining that mandatory injunctions require a showing of "extreme or very serious damage" and are not appropriate in "doubtful cases" where the injury complained of can be remedied by damages).

Here, in arguing irreparable harm, plaintiff argues that it has already "lost more than a hundred thousand dollars of sales since the takedown," that it "has seen a drastic reduction in sales overall," faced "lowered product placement on Amazon.com with corresponding decreased consumer views," faces doubt about its "ability to continue to be successful," and faced loss relating to its "reputation, advertising efforts, loss of customers, ranking and reviews, identification as a repeat offender, and goodwill." (*See* Mot. at 21; Declaration of Ott, ¶¶ 28-30, 32-34.) Plaintiff also argues that it "is likely to default on its real estate business," "will most likely not be able to" take advantage of a previous business contracts, and that its Amazon account may be deactivated absent relief. (*Id.* ¶¶ 35-39.) The Court address each in turn.

First, any damages resulting from lost profits, lost customers, and lost business opportunities are purely financial and do not establish irreparable harm. *See Rent-A-Center, Inc. v. Canyon Television & Appliance Rental, Inc.*, 944 F.2d 597, 603 (9th Cir. 1991) ("It is true that economic injury alone does not support a finding of irreparable harm, because such injury can be

1   remedied by a damage award.")  (citation omitted).

2       Second, with respect to plaintiff's claim of non-economic harm such that it is *likely* to
3   default on real estate, lost of goodwill, and that its account *may* be deactivated, those claims are
4   not supported by the current record.  Plaintiff has not explained if, and how, these claims are
5   imminent to justify *ex parte* relief.  Plaintiff does not explain the imminence or likelihood of these
6   harms actually occurring.  Further, plaintiff does not submit any extrinsic evidence of these non-
7   economic injuries outside of its Chief Executive Officer's declaration.  On the current record, the
8   Court does not find that plaintiffs have shown that these alleged non-economic injuries constitute
9   irreparable harm.

10      Third, plaintiff's delay in seeking a TRO further undermines its claim of immediate
11  irreparable harm.  *See Lydo v. Enters. V. City of Las Vegas*, 745 F.2d 1211, 1213 (9th Cir. 1984)
12  (explaining that a delay in seeking a preliminary injunction is a factor to be considered in
13  determining whether the requested relief is warranted).  Plaintiff admits that it was notified on July
14  17, 2021 that its products were being delisted from Amazon's marketplace due to being flagged
15  for patent infringement (Mot. at 4) and negotiations with the defendant failed in September
16  (complaint ¶ 33).  Notwithstanding that, plaintiff did not file this request for a temporary
17  restraining order until November 19, 2021, over *four* months after its products had been delisted
18  and two months after negotiations had failed.  Plaintiff provides no explanation for the delay and
19  for the purported emergency now.

20      In summary, plaintiff fails to demonstrate why the claims here should be granted on an *ex*
21  *parte* basis under the circumstances.

22      That said, the Court will set on calendar plaintiff's Motion for Preliminary Injunction on an
23  expedited basis.

24      Plaintiff shall file and serve any additional briefing or evidence in support of his motion for
25  preliminary injunction no later than **November 29, 2021**, along with a proof of service of the
26  application for temporary restraining order and supporting documents on opposing counsel.
27  Defendant shall file its Opposition by **December 9, 2021**. Reply shall be filed by **December 13,**
28  **2021**. The hearing on the preliminary injunction shall be held on **December 16, 2021 at 2:00**

**p.m.** via the Court's Zoom videoconference platform.

This terminates Docket No. 9.

**IT IS SO ORDERED.**

Dated: November 22, 2021

YVONNE GONZALEZ ROGERS
UNITED STATES DISTRICT COURT JUDGE