United States District Court
Northern District of California

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA
# SAN JOSE DIVISION

| | |
|---|---|
| NOSSK, INC.,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>FITNESS ANYWHERE LLC, et al.,<br><br>　　　　Defendants. | Case No. 21-cv-08914-BLF<br><br>**ORDER DENYING PLAINTIFF NOSSK, INC.'S MOTION FOR PRELIMINARY INJUNCTION**<br><br>[Re: ECF No. 28] |

Before the Court is Plaintiff NOSSK, Inc.'s ("NOSSK") motion for preliminary injunction against Defendant Fitness Anywhere LLC d.b.a. TRX ("TRX") in this declaratory judgment action for noninfringement and invalidity of TRX's patent—U.S. Patent No. 8,083,653 (the "'653 Patent"). This action stems from TRX's patent infringement complaint to Amazon regarding two of the products NOSSK sold via Amazon, which resulted in NOSSK's products being delisted. In its motion for preliminary injunction, NOSSK seeks a mandatory injunction requiring TRX to withdraw its complaint to Amazon regarding NOSSK's products, which it argues do not infringe TRX's patent. TRX opposes, arguing that NOSSK fails to show that it is entitled to a preliminary injunction.

Based on the below reasoning, the Court DENIES NOSSK's motion for preliminary injunction.

## I.   BACKGROUND

### A.   Prior Litigation

On November 29, 2021, the Court found that the above-captioned case is related to a case previously before this Court: *Fitness Anywhere LLC v. WOSS Enterprises LLC*, No. 5:14–cv–01725–BLF (N.D. Cal.) (the "WOSS Action"). *See* Related Case Order, ECF No. 15.

WOSS Enterprises LLC ("WOSS") is an entity co-owned by NOSSK CEO and co-owner Wolfgang Ott and NOSSK director and co-owner Nadia Ott.

TRX filed the WOSS Action on April 14, 2014, alleging based on WOSS's manufacture and sales of exercise equipment products that it engaged in (1) patent infringement, including of U.S. Patent No. 7,806,814 (the "'814 Patent"); (2) trademark infringement; (3) unfair competition under federal and California state law; and (4) tortious interference with prospective economic relationships. *See* WOSS Action, ECF No. 1.

The WOSS Action went to trial in March 2017, including based on TRX's infringement claim of U.S. Patent No. 7,044,896 (the "'896 Patent") as to the following WOSS products: (1) the Titan 1 1/2 in. Wide Strap; (2) the 3000 Equalizer; (3) the Military Gym Style; (4) the Military 1 in. Trainer; (5) the Military 1 1/2 in. Trainer; and (6) the WOSS XT. *See* WOSS Action, ECF No. 174 at 3. Following trial, the jury returned a verdict that WOSS infringed the '896 Patent. *See* WOSS Action, ECF No. 235.

Following the jury verdict, WOSS filed notice that it had filed for Chapter 7 bankruptcy. *See* WOSS Action, ECF No. 253. Further, on September 18, 2018, TRX filed a motion for reconsideration of the Court's summary judgment order finding the '814 Patent invalid. *See* WOSS Action, ECF No. 281. The Court granted the unopposed motion, thereby denying summary judgment of invalidity regarding the '814 Patent. *See* WOSS Action, ECF No. 293. On November 20, 2018, the Court entered a permanent injunction against WOSS enjoining it from making, using, offering to sell, or selling within the United States any of the six products the jury found infringing of the '896 Patent. *See* WOSS Action, ECF No. 296. The Court issued a final judgment in the amount of $13,002,462.70 against WOSS. *See* WOSS Action, ECF No. 305.

### B. Factual Background

TRX is a Delaware corporation with its principal place of business in California. *See* Complaint, ECF No. 1 ¶ 2. TRX markets and sells exercise equipment products, including suspension trainers, on its website and via third parties like Dick's Sporting Goods and Amazon.com. *See id.* ¶¶ 5–8. NOSSK is a California corporation with its principal place of business in California. *See id.* ¶ 1. Since 2017, NOSSK has allegedly designed, manufactured, and sold

2

1    "high quality suspension bodyweight fitness strap trainers and related devices" via its own website
2    and through third parties like Amazon.com. *See id.* ¶ 10. NOSSK alleges that Amazon.com sales
3    typically account for 90% of its sales. *See id.*; Ott Decl., ECF No. 28-22 ¶ 28. NOSSK's products
4    allegedly include the Home Trainer ("Home Product") and the Twin Pro Suspension Bodyweight
5    Fitness Strap Trainer ("Twin Pro Product"). *See* Complaint, ECF No. 1 ¶ 10; Ott Decl., ECF No. 28-
6    22 ¶ 3.

7    On November 25, 2019, TRX allegedly sent NOSSK a letter indicating that the Home
8    Product infringed TRX's patents—specifically, the '814 Patent asserted in the WOSS Action and
9    the '653 Patent at issue here—and the Twin Pro Product infringed the '814 Patent. *See* Mathiowetz
10   Decl., ECF No. 28-1, Ex. L at 4–5; Ott Decl., ECF No. 28-22 ¶ 21; Complaint, ECF No. 1 ¶ 33. In
11   response to TRX's letter, NOSSK allegedly removed the products from all websites, including
12   Amazon.com, and redesigned the products. *See* Complaint, ECF No. 1 ¶¶ 34–35; Ott Decl.,
13   ECF No. 28-22 ¶¶ 22–23, 26; Mathiowetz Decl., ECF No. 28-1, Exs. M–N. NOSSK indicated in a
14   January 14, 2020 letter to TRX that it had redesigned the Home and the Twin Pro Product so it
15   "copies the prior art acknowledged by TRX in the prosecution of the '814 patent." *See* Mathiowetz
16   Decl., ECF No. 28-1, Ex. N at 1. NOSSK indicated that it did not consider the Home Product to
17   infringe the '653 Patent. *See id.* at 1–2. In response, TRX sent NOSSK a letter on January 27, 2020
18   indicating that it still considered the Home and Twin Pro Products to infringe its patents. *See*
19   Mathiowetz Decl., ECF No. 28-1, Ex. O.

20   As of July 2021, NOSSK was selling the allegedly redesigned versions of the Home and
21   Twin Pro Products, including through Amazon.com. *See* Ott Decl., ECF No. 28-22 ¶¶ 8–9;
22   Complaint, ECF No. 1 ¶¶ 12–15. The Home Product consists of a single strap with handles and foot
23   loops on either end, and a short metal tube sown into the middle of the strap. *See* Complaint,
24   ECF No. 1 ¶ 12; Mathiowetz Decl., ECF No. 28-1, Ex. A. By shutting the Home Product anchor
25   behind a door, a user can secure the strap and use it as a suspension trainer. *See* Complaint, ECF No.
26   1 ¶ 12; Mathiowetz Decl., ECF No. 28-1, Ex. A; Ott Decl., ECF No. 28-22 ¶ 3. An image of the
27   Home Product is below:
28



The Twin Pro Product consists of two separate straps, each with a handle on one end and a door anchor sown into the other end. *See* Complaint, ECF No. 1 ¶ 13; Mathiowetz Decl., ECF No. 28-1, Ex. B. An image of the Twin Pro Product is below:



On or about July 16, 2021, TRX allegedly submitted a complaint to Amazon indicating that NOSSK's products infringed the '653 Patent. *See* Complaint, ECF No. 1 ¶ 15; Ott Decl., ECF No. 28-2 ¶ 6. In response, Amazon removed Twin Pro and Home Product listings from its

1  website. *See* Complaint, ECF No. 1 ¶ 16; *id.*, Ex. D; Ott Decl., ECF No. 28-22 ¶ 7; Mathiowetz
2  Decl., ECF No. 28-1, Ex. C.  Between July 31 and September 3, 2021, NOSSK submitted appeals
3  to Amazon regarding the takedown of the product listings.  *See* Complaint, ECF No. 1 ¶¶ 19–23,
4  26–27; Ott Decl., ECF No. 28-22 ¶¶ 11–15, 17–18; Mathiowetz Decl., ECF No. 28-1, Ex. E.
5  Amazon denied the appeals, indicating that it required proof of authorization from TRX by license
6  or purchase or retraction of the complaint before it would consider reinstating any of the product
7  listings.  *See* Complaint, ECF No. 1 ¶¶ 19–23, 26–27; Ott Decl., ECF No. 28-22 ¶¶ 11–15, 17–18.

8  Following the denial of NOSSK's appeals, NOSSK allegedly sent several letters to TRX
9  indicating that the redesigned Twin Pro and Home Products did not infringe the '653 Patent and
10 requesting that TRX provide NOSSK analysis indicating why it believed NOSSK's products were
11 infringing.  *See* Complaint, ECF No. 1 ¶¶ 24–25, 28–30, 32; Ott Decl., ECF No. 28-22 ¶¶ 15–16,
12 19; Mathiowetz Decl., ECF No. 28-1, Exs. F–H, J.  In response, NOSSK alleges that TRX did not
13 explain why it considered the Twin Pro and Home Products to infringe the '653 Patent, and it
14 deferred to its 2019 and 2020 correspondence regarding NOSSK's products before they were
15 allegedly redesigned.  *See* Complaint, ECF No. 1 ¶¶ 31, 33; Ott Decl., ECF No. 28-22 ¶¶ 20–21;
16 Mathiowetz Decl., ECF No. 28-1, Exs. I, K.

17 On November 17, 2021, NOSSK filed its Complaint, seeking declaratory judgment of
18 noninfringement of the Home and Twin Pro Products and invalidity of the '653 Patent.  *See*
19 Complaint, ECF No. 1 ¶¶ 50–56.  Further, NOSSK claims that by submitting the complaint to
20 Amazon, TRX is liable under California law for (1) trade libel; (2) defamation; (3) violation of the
21 California Unfair Competition Law ("UCL"); (4) tortious interference with a business relationship;
22 and (5) interference with prospective economic advantage.  *See id.* ¶¶ 57–94.  On January 3, 2022,
23 NOSSK filed its motion for preliminary injunction, seeking a mandatory injunction requiring TRX
24 to withdraw its complaint to Amazon regarding NOSSK's products.  *See* Motion, ECF No. 28.  TRX
25 opposes.  *See* Opposition, ECF No. 36.

26  **C.  '653 Patent**
27  TRX owns the '653 Patent, which is entitled "Exercise Device Having a Door Anchor."  The
28  '653 Patent was filed on November 30, 2007, with a provisional application filed on September 17,

2007. *See* '653 Patent at 1. The '653 Patent was granted on December 27, 2011. *See id.*

The '653 Patent has 8 claims—one independent claim (claim 1) and seven dependent claims (claims 2–8). Independent claim 1 provides the following:

> 1. An exercise device for mounting between a door and a door jamb of a closed door, said exercise device comprising:
>
> an anchor having a first portion, an enlarged portion, and an elongate portion that extends between said first portion and said enlarged portion, and
>
> a pair of portions, where each of the pair of portions is inelastic and has a length that extends from a corresponding grip to an end, and where each of said ends is fixedly connected to said first portion,
>
> where, when said anchor is mounted to the closed door:
>
> said elongated portion extends from a first side of the closed door to a second side of the closed door,
>
> said enlarged portion is not passable through the closed door, and
>
> said first portion extends away from the second side of said door by a distance.

Dependent claims 2 through 6 of the '653 Patent provide that the "distance" in claim 1 is various lengths: greater than 1 inch (claim 2); greater than 2 inches (claim 3); greater than 4 inches (claim 4); greater than 6 inches (claim 5); and between 1 inch and 18 inches (claim 6). Dependent claim 7 provides that the length between "said grip and said end of each of the pair of portions" is independently adjustable. Dependent claim 8 provides that the length between "said anchor and each grip" is adjustable.

The '653 Patent pertains to resistance exercise devices, which the specification describes as "allow[ing] a user to exercise by providing a resistance to the movement of a user's arms, legs, or torso." *See* '653 Patent, 1:15–25. The '653 Patent discloses "an inelastic exercise device that is supported by, or that can be easily attached to, a supporting structure, and that allows a user to perform a large number of exercises by easily adjusting the length of the device[.]" *Id.*, 3:14–17. The '653 Patent provides an exercise device containing a pair of inelastic portions, which can be adjustable. *See id.*, 1:56–59, 2:62–3:19, 3:27–33, 4:47–51, Figs. 3–4, 10. One end of each of the portions is attached to a grip. *See id.*, 1:61–63, 3:33–38, 3:41–61, 7:12–24, Figs. 3–4, 7, 10. The

6

1   other end of each of the pair of portions is attached to an anchor that a user can close in a door to
2   fix it in place for the purpose of holding the user's weight while exercising.  *See id.*, 1:61–63,
3   3:27–30, 3:63–4:8, 4:33–46, 4:52–5:3, Figs. 1–4, 10–12.  The anchor consists of (1) a "first portion,"
4   which attaches to the ends of the pair of portions; (2) an "elongated portion," which extends from
5   one side of the door to the other; and (3) an "enlarged portion," which is a piece that is too large to
6   move through the crack between the door and the door frame and therefore holds the device in place.
7   *See id.*, 1:63–67, 5:40–6:50, Figs. 1–4, 10–12.

## II.  LEGAL STANDARD

A party may obtain a preliminary injunction by showing that (1) it is "likely to succeed on the merits," (2) it is "likely to suffer irreparable harm in the absence of preliminary relief," (3) the "balance of equities tips in [its] favor," and (4) "an injunction is in the public interest."  *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008).  The burden is always on the movant to show that it is likely to succeed on the merits.  *BlephEx, LLC v. Myco Indus., Inc.*, 24 F.4th 1391, 1398 (Fed. Cir. 2022).  To obtain a preliminary injunction, a movant must make a "clear showing" that it is entitled to the "extraordinary remedy" of a preliminary injunction.  *See Winter*, 555 U.S. at 22.

Although Ninth Circuit law applies to preliminary injunctions, dominant effect is given to Federal Circuit precedent insofar as it reflects considerations specific to patent issues.  *See Macom Tech. Sols. Holdings, Inc. v. Infineon Techs. AG*, 881 F.3d 1323, 1328 (Fed. Cir. 2018) (quoting *Mikohn Gaming Corp. v. Acres Gaming, Inc.*, 165 F.3d 891, 894 (Fed. Cir. 1998)).  In the patent law context, showing a likelihood of success on the merits is one such area where Federal Circuit law applies, as it is a question specific to patent law.  *See Revision Mil., Inc. v. Balboa Mfg. Co.*, 700 F.3d 524, 526 (Fed. Cir. 2012).

Since NOSSK seeks to compel TRX to act—*i.e.*, by withdrawing its complaint to Amazon—prior to the entry of a final judgment, NOSSK seeks a mandatory injunction.  A mandatory injunction is "one that goes beyond simply maintaining the status quo and orders the responsible party to take action pending the determination of the case on its merits."  *See Doe v. Snyder*, 28 F.4th 103, 111 (9th Cir. 2022).  "The standard for issuing a mandatory preliminary injunction is high."  *Id*.  "In general, mandatory injunctions are not granted unless extreme or very serious damage

will result and are not issued in doubtful cases or where the injury complained of is capable of compensation in damages." *Id.* (quoting *Marlyn Nutraceuticals, Inc. v. Mucos Pharma GmbH & Co.*, 571 F.3d 873, 879 (9th Cir. 2009)) (internal quotations omitted).

### III. DISCUSSION

#### A. Likelihood of Success on the Merits

##### 1. Burden of Proof

As a threshold matter, the Court considers which party has the relevant burden of proof at this stage. NOSSK argues that TRX has the burden of showing infringement and NOSSK has the burden of showing invalidity at this stage, since the "burdens at the preliminary injunction stage track the burdens at trial." Motion, ECF No. 28 at 8 (citing *Perfect 10, Inc. v. Amazon.com, Inc.*, 508 F.3d 1146, 1158 (9th Cir. 2007)).

NOSSK is incorrect as to the burden of proof regarding infringement. "The burden is always on the movant to show that it is likely to succeed on the merits." *BlephEx*, 24 F.4th at 1398–99; *see Perfect 10*, 508 F.3d at 1158 ("[O]nce the moving party has carried its burden of showing a likelihood of success on the merits, the burden shifts to the non-moving party to show a likelihood that its affirmative defense will succeed."). NOSSK is required to show likelihood of success on the merits that its products do not infringe the '653 Patent or that the '653 Patent is invalid. If NOSSK meets its burden, then the burden shifts to TRX to raise a "substantial question" as to noninfringement or invalidity. *See BlephEx*, 24 F.4th at 1398–99. If NOSSK cannot show that TRX's infringement and validity case "lacks substantial merit," then the preliminary injunction should not issue. *Nat'l Steel Car, Ltd. v. Canadian Pac. Ry., Ltd.*, 357 F.3d 1319, 1325 (Fed. Cir. 2004) (quoting *Amazon.com, Inc. v. Barnesandnoble.com, Inc.*, 239 F.3d 1343, 1350–51 (Fed. Cir. 2001)). NOSSK appears to seek to import the burdens of proof for preliminary injunction motions brought by a patentee, which do not apply to the present preliminary injunction motion brought by an accused infringer in a declaratory judgment action.

##### 2. Noninfringement

NOSSK argues that it is likely to succeed in showing that the Twin Pro and Home Products do not infringe the '653 Patent. *See* Motion, ECF No. 28 at 8–11. TRX disagrees, arguing that

8

1   NOSSK's noninfringement positions are "nonsensical." *See* Opposition, ECF No. 36 at 3–7. The
2   Court considers NOSSK's noninfringement arguments for the Twin Pro and Home Products in turn.

   a. Home Product

4   NOSSK argues that the Home Product does not infringe the '653 Patent based on the doctrine
5   of prosecution history estoppel. "A patentee may, through a clear and unmistakable disavowal in
6   the prosecution history, surrender certain claim scope to which he would otherwise have an
7   exclusive right by virtue of the claim language." *Vita-Mix Corp. v. Basic Holding, Inc.*,
8   581 F.3d 1317, 1324 (Fed. Cir. 2009). "Prosecution disclaimer can arise from both claim
9   amendments and arguments made to the PTO." *Tech. Props. Ltd. v. Huawei Techs. Co.*,
10  849 F.3d 1349, 1357 (Fed. Cir. 2017) (citation omitted). When determining whether disclaimer
11  applies, courts consider the statements in the context of the entire prosecution history. *See MIT v.
12  Shire Pharm., Inc.*, 839 F.3d 1111, 1119–20 (Fed. Cir. 2016). If the challenged statements are
13  ambiguous or amenable to multiple reasonable interpretations, prosecution disclaimer is not
14  established. *Id.* at 1119.

15  Claim 1 of the '653 Patent requires "a pair of portions, where each . . . has a length that
16  extends from a corresponding grip to an end, and where each of said ends is fixedly connected to
17  said first portion" of an anchor. *See id.* at 9. An image of the Home Product is below:



26  As shown in the image, the Home Product consists of a single, continuous strap with two grips at
27  the ends and an anchor in the middle.

28  NOSSK argues that during prosecution, TRX disclaimed a single-strap device from the

9

1    scope of claim 1 by "repeatedly emphasiz[ing] the significance" of having an anchor affixed to two
2    straps in order to overcome the Hetrick Reference (U.S. Patent No. 7,090,622).  *See* Motion,
3    ECF No. 28 at 8–11.  NOSSK points to various statements by TRX throughout prosecution of the
4    '653 Patent where NOSSK described the Hetrick Reference as "having a single elongated member"
5    and containing no teaching of "more than one elongated member having grips."  *See* Mathiowetz
6    Decl., ECF No. 28-1 ¶ 19(a) (citing Mathiowetz Decl., ECF No. 28-1, Ex. R, '653 Prosecution
7    History at 16–17); *id.* ¶ 19(b) (citing Mathiowetz Decl., ECF No. 28-1, Ex. R, '653 Prosecution
8    History at 35–36); *see also id.* ¶¶ 19(c)–(d).  Further, NOSSK points to TRX's amendment of the
9    claims during prosecution to require that the "pair of portions" each has "an end, and where each of
10   said ends is attached to said first portion."  *See id.* ¶ 19(b) (citing Mathiowetz Decl., ECF No. 28-1,
11   Ex. R, '653 Prosecution History at 31).[1]

12   Based on the prosecution history, NOSSK argues that in order to obtain allowance of its
13   claims, TRX disclaimed embodiments consisting of a single strap.  *See* Motion, ECF No. 28 at 9–11.
14   Accordingly, NOSSK argues that the embodiment shown in Figure 4 of the '653 Patent, which
15   shows a single continuous strap connected to the first portion of the anchor, is "no longer
16   representative of a preferred or claimed embodiment[.]"  *See* Motion, ECF No. 28 at 10.  Figure 4
17   is shown below:

---

[1] The Court notes that nearly the entirety of NOSSK's arguments and analysis regarding TRX's statements during the prosecution history are contained within a declaration attached to its Motion—not in the brief itself.  The Court considers this to be an improper attempt to evade its page count requirements.  Since TRX does not object in its Opposition, the Court declines to strike NOSSK's evidence and arguments regarding the prosecution history contained in the Mathiowetz Declaration *sua sponte*.  But the Court hereby ADMONISHES NOSSK.  If NOSSK continues to improperly evade the Court's page count requirements for briefs using attached declarations, then the Court will consider sanctions.



FIG. 4

In response, TRX argues that the pair of portions in claim 1 of the '653 Patent can be a single strap—"the same way a pair of pants has a pair of legs." *See* Opposition, ECF No. 36 at 4. TRX argues that the claims of the '653 Patent cover both multiple- and single-strap embodiments. *See id.* at 3–4; '653 Patent, 5:28–30; *id.*, 9:32–10:4. Further, TRX argues that NOSSK misconstrues the '653 prosecution history. Rather than avoiding the Hetrick Reference by amending the claims to require a pair of separate portions—and to exclude a single continuous strap—TRX argues that it overcame the Hetrick Reference by requiring a pair of portions *fixed* to the first portion of the anchor. *See* Opposition, ECF No. 36 at 4–6. TRX points to the examiner's comments in the November 24, 2010 final rejection, where the examiner stated that "there are differences between the prior art and the claimed invention, viz, that the attachment is slidable in Hetrick and fixed in Applicant's device, but the Applicant has not yet claimed that the attachment to the first portion of the anchor is fixed." Mathiowetz Decl., ECF No. 28-1, Ex. R, '653 Prosecution History at 64. TRX argues that the examiner's comments "would make no sense" if it had disclaimed a continuous strap, because "only the continuous strap can slide." *See* Opposition, ECF No. 36 at 6. TRX also points to its subsequent amendment of claim 1 of the '653 Patent to require that the ends of the pair of portions are "fixedly" connected to the first portion of the anchor. *See* Mathiowetz Decl., ECF No. 28-1, Ex. R, '653 Prosecution History at 66.

The Court finds that TRX has submitted substantial evidence supporting its claim that the Home Product infringes claim 1 of the '653 Patent. The examiner's statement in the November 24, 2010 final rejection that "the attachment is slidable in Hetrick and fixed in Applicant's device, but

1  the Applicant has not yet claimed that the attachment to the first portion of the anchor is fixed" is
2  strong evidence that TRX did not disclaim a single-strap embodiment during prosecution.
3  Mathiowetz Decl., ECF No. 28-1, Ex. R, '653 Prosecution History at 64.  As TRX argues, in a two-
4  strap embodiment, the anchor is necessarily fixed and not slidable, so the examiner's statement only
5  makes sense if the scope of claim 1 covered a single-strap embodiment.  NOSSK argues that the
6  examiner was only stating that "after all the amendments already made by TRX," it still was not
7  claiming the "fixed" difference—*i.e.*, that TRX may have needed to overcome Hetrick *both* by
8  disavowing the single-strap embodiment and by claiming a "fixed" strap.  *See* Reply, ECF No. 44
9  at 5.  But NOSSK fails to explain how the examiner's statement makes sense if a single-strap
10 embodiment was already disclaimed.

11  Further, NOSSK argues that TRX cannot get around its disclaimer of the single-strap
12 embodiment by using "the examiner's statement late in the prosecution."  *See* Reply, ECF No. 44
13 at 5.  But NOSSK ignores the pervasive evidence throughout prosecution indicating that TRX
14 considered the Hetrick Reference distinguishable based on the "fixed strap" theory.  These
15 statements—which consistently accompany the statements NOSSK cites in support of its disclaimer
16 argument—make it at least ambiguous as to whether TRX's statements during prosecution
17 constitute disclaimer of the single-strap embodiment.  For example, NOSSK cites to statements
18 where TRX distinguished the Hetrick Reference because it contained a "single elongated member."
19 *See* Mathiowetz Decl., ECF No. 28-1 ¶ 19(a) (citing Mathiowetz Decl., ECF No. 28-1, Ex. R, '653
20 Prosecution History at 16–17).  But in the same response to an office action, TRX also stated that
21 "[t]he elongated member [in Hetrick] is separate from the anchor and can be supported over a range
22 of locations."  *See* Mathiowetz Decl., ECF No. 28-1, Ex. R, '653 Prosecution History at 16.  Further,
23 in another response to an office action NOSSK cites, TRX stated that "[i]mportantly, there is no
24 teaching in Hetrick of more than one elongated member having grips, of having grips on different
25 elongated members, <u>or of having an elongated member with grips that is fastened, affixed, or</u>
26 <u>otherwise attached to the anchor</u>."  Mathiowetz Decl., ECF No. 28-1, Ex. R, '653 Prosecution
27 History at 37. This evidence supports TRX's argument that the '653 claims encompass multiple
28 embodiments—one with two straps, and another with a fixed single strap.  *See* Opposition,

ECF No. 36 at 4–5. Thus, it is not sufficiently clear that TRX disavowed the single-strap embodiment to traverse the Hetrick Reference—it consistently distinguished the Hetrick Reference's lack of a fixed strap.

NOSSK also points to TRX's amendment of claim 1 of the '653 Patent during prosecution to require that each of the pair of portions has "an end, and where each of said ends is attached to" an anchor. *See id.* ¶ 19(b) (citing Mathiowetz Decl., ECF No. 28-1, Ex. R, '653 Prosecution History at 31). The Court finds that at this preliminary stage, without the aid of claim construction or expert discovery, the Court has insufficient evidence to make a determination as to whether this claim language forecloses the use of a single strap, or whether, for instance, it could encompass multiple straps stitched together. The Court is particularly reluctant to do so in light of evidence from the specification and from the prosecution history indicating that claim 1 of the '653 Patent covers a single-strap embodiment. *See* Mathiowetz Decl., ECF No. 28-1, Ex. R, '653 Prosecution History at 64; *id.* at 37 ("Importantly, there is no teaching in Hetrick . . . of having an elongated member with grips that is fastened, affixed, or otherwise attached to the anchor."); '653 Patent, 2:67–3:6 (describing straps "formed from two or more members joined together, as by stitching or with an adhesive[.]")

Accordingly, the Court finds that NOSSK has failed to meet its burden for likelihood of success in showing TRX's "clear and unmistakable disavowal" of a single-strap embodiment during prosecution of the '653 Patent. *Vita-Mix*, 581 F.3d at 1324. Based on NOSSK's evidence, it is at least ambiguous whether TRX disclaimed (1) a single-strap embodiment or (2) an embodiment with a strap that was not fixedly connected to an anchor. Statements that are "ambiguous or amenable to multiple reasonable interpretations" are not sufficient to show prosecution disclaimer. *Shire Pharm.*, 839 F.3d at 1119. Further, the examiner's statement late in the prosecution provides strong evidence that TRX did not disclaim the single-strap embodiment. *See* Mathiowetz Decl., ECF No. 28-1, Ex. R, '653 Prosecution History at 64.

Based on the above reasoning, the Court finds that NOSSK has failed to show likelihood of success regarding noninfringement of claim 1 of the '653 Patent by the Home Product.

b. Twin Pro Product

NOSSK argues that the Twin Pro Product does not infringe the '653 Patent because it does not satisfy the claim 1 requirement of a pair of portions "fixedly connected to said first portion" of the anchor, where the anchor is "an anchor having a first portion, an enlarged portion, and an elongate portion that extends between said first portion and said enlarged portion." *See* Motion, ECF No. 28 at 11. NOSSK argues that since the Twin Pro Product is two separate straps, each having its own anchor, there is no pair of portions with both ends fixedly connected to the first portion of the anchor. *See id.* at 11. An image of the Twin Pro Product is below:



In response, TRX argues that NOSSK improperly seeks to add limitations to the claims requiring that the anchor be "a[] single piece anchor having a single strap first portion, a[] single enlarged portion, and a[] single elongate portion." *See* Opposition, ECF No. 36 at 6–7.

The Court finds that NOSSK has failed to meet its burden for showing likelihood of success regarding the Twin Pro Product's noninfringement of the '653 Patent. The Federal Circuit "has repeatedly emphasized that an indefinite article 'a' or 'an' in patent parlance carries the meaning of 'one or more' in open-ended claims containing the transitional phrase 'comprising.'" *Baldwin Graphic Sys., Inc. v. Siebert, Inc.*, 512 F.3d 1338, 1342 (Fed. Cir. 2008). Further, "[t]he subsequent use of definite articles 'the' or 'said' in a claim to refer back to the same claim term does not change the general plural rule, but simply reinvokes that non-singular meaning." *Id.* An exception to the

1    default rule for indefinite articles "only arises where the language of the claims themselves, the
2    specification, or the prosecution history necessitate a departure from the rule." *Id.* at 1343. NOSSK
3    fails to provide any evidence or argument for why the claims of the '653 Patent warrant departing
4    from the default rule regarding indefinite articles in patent claims. Accordingly, NOSSK fails to
5    show that "an anchor" in the '653 claims cannot constitute multiple anchors. Since the only
6    noninfringement argument NOSSK provides for the Twin Pro Product relies on the premise that
7    two straps attached to two separate anchors cannot satisfy the '653 claims, NOSSK has failed to
8    meet its burden for showing a likelihood of success on the merits regarding noninfringement of the
9    Twin Pro Product.

10   Based on the above reasoning, the Court finds that NOSSK has failed to show likelihood of
11   success regarding noninfringement of claim 1 of the '653 Patent by the Twin Pro Product.

### 3. Invalidity

13   NOSSK argues that if claim 1 of the '653 Patent were interpreted to cover the Home and
14   Twin Pro Products, then the claims would be invalid as anticipated by U.S. Patent No. 5,556,369
15   ("Roberts Reference") and U.S. Patent No. 6,921,354 ("Shifferaw Reference"). *See* Motion, ECF
16   No. 28 at 11–12. NOSSK further argues that if claim 1 of the '653 Patent were interpreted to cover
17   the Home and Twin Pro Products, then it would be rendered obvious by the Roberts or Shifferaw
18   References in view of the Hetrick Reference. *See id.* In response, TRX argues that NOSSK has
19   made no showing regarding the dependent claims of the '653 Patent. *See* Opposition, ECF No. 36
20   at 7. Secondly, TRX argues that the Roberts and Shifferaw References are significantly different
21   from the Twin Pro and Home Products, including because the Roberts Reference discloses using a
22   belt buckle as a door anchor and the Shifferaw Reference discloses using a folded strap as part of
23   the door anchor. *See* Opposition, ECF No. 36 at 7–9.

24   The parties dispute whether NOSSK needs to make a showing of invalidity for all of the
25   '653 claims to meet its burden of showing likelihood of success on the merits. NOSSK only
26   provides invalidity arguments directed to claim 1—it ignores claims 2 through 8 of the '653 Patent
27   in its invalidity analysis. *See* Motion, ECF No. 28 at 11–12. TRX argues that to invalidate the '653
28   Patent, NOSSK must show that all claims are invalid. *See* Opposition, ECF No. 36 at 7.

15

Accordingly, since NOSSK fails to challenge the validity of claims 2 through 8 in its motion for a preliminary injunction, it has not shown likelihood of success on the merits regarding invalidity of the '653 Patent. *See id.* In response, NOSSK argues that (1) TRX cannot demonstrate infringement of claim 1 of the '653 Patent and (2) if the Court were to construe claim 1 as reading on the Home device, then claim 1 is invalid and cannot be infringed. *See* Reply, ECF No. 44 at 6. NOSSK argues that in either case, claims 2 through 8 cannot be infringed and are therefore irrelevant. *See id.*

The Court finds that NOSSK has failed to show likelihood of success regarding invalidity of the '653 Patent. NOSSK's invalidity evidence is minimal. NOSSK has merely pointed to the Roberts and Shifferaw References, provided brief summaries of what they disclose, and claimed in conclusory fashion that if claim 1 of the '653 Patent is read to cover the Twin Pro and Home Products, then it is invalid. *See* Motion, ECF No. 28 at 11–12. NOSSK has failed to provide claim charts, annotated diagrams, or any other evidence sufficient to support its contention that the Roberts and Shifferaw References disclose each element of claim 1 of the '653 Patent.[2] *See Schering Corp. v. Geneva Pharma.*, 339 F.3d 1373, 1377 (Fed. Cir. 2003) ("A patent is invalid for anticipation if a single prior art reference discloses each and every limitation of the claimed invention.") (citations omitted). Further, NOSSK has provided no details regarding any obviousness combination between the Hetrick Reference and either the Roberts or Shifferaw References. Absent such evidence, the Court finds that NOSSK has not shown a likelihood of success regarding invalidity of claim 1 of the '653 Patent by merely pointing to prior art references, particularly when those references are cited on the face of the patent. *See* '653 Patent at 2.

Further, NOSSK's failure to provide any evidence regarding the dependent claims of the '653 Patent provides an additional ground for why its showing of likelihood of success on the merits is insufficient. The communications from Amazon indicating that NOSSK's products have been removed from the website merely state that they were removed due to infringement of the '653

---

[2] On reply, NOSSK provides some exhibits with further detail regarding the similarities between the disclosures in the Roberts and Shifferaw References and claim 1 of the '653 Patent. *See* Ott Supp. Decl., ECF No. 44-3, Exs. 1–3; *id.* ¶¶ 3–6. Since this constitutes new evidence introduced for the first time on reply that TRX did not have an opportunity to respond to, the Court declines to consider these exhibits in support of NOSSK's motion for preliminary injunction. *See, e.g., Provenz v. Miller*, 102 F.3d 1478, 1483 (9th Cir. 1996).

16

Patent. *See* Mathiowetz Decl., ECF No. 28-1, Ex. C. There is no indication as to which claim or claims are at issue—in particular, there is no indication that NOSSK's products only infringe claim 1 of the '653 Patent. *See id.* Accordingly, to meet its burden for showing likelihood of success regarding invalidity of the '653 Patent, NOSSK must show likelihood of success of invalidating each claim of the '653 Patent. *See* 35 U.S.C. § 282 ("Each claim of a patent (whether in independent, dependent, or multiple dependent form) shall be presumed valid independently of the validity of other claims; dependent or multiple dependent claims shall be presumed valid even though dependent upon an invalid claim."). Otherwise, there are potentially claims of the '653 Patent that could survive an invalidity challenge and could serve as the basis for TRX's infringement complaint to Amazon. Since NOSSK has failed to provide any evidence of the invalidity of claims 2 through 8 of the '653 Patent, it has failed to meet its burden.

NOSSK's arguments to the contrary are unavailing. NOSSK first argues that TRX cannot demonstrate infringement of claim 1 of the '653 patent—the sole independent claim—so the dependent claims are irrelevant. *See* Reply, ECF No. 44 at 6. As the Court outlined above, NOSSK has not met its burden for showing likelihood of success on the merits of its noninfringement arguments as to the '653 Patent. Accordingly, NOSSK's first argument for the irrelevance of the '653 dependent claims fails.

NOSSK further argues that if claim 1 of the '653 Patent is construed to read on the Home Product, then it is invalid and cannot be infringed. *See id.* Therefore, NOSSK argues, the dependent claims cannot be infringed either and are irrelevant. *See id.* NOSSK's argument is as puzzling as it is wrong. It is well-established that if an independent claim is invalid under §§ 102 or 103, claims that depend from that independent claim can still be valid. *See Wahpeton Canvas Co., Inc. v. Frontier, Inc.*, 870 F.2d 1546, 1552 n.10 (Fed. Cir. 1989) ("[A] necessarily narrower dependent claim may be valid when the claim from which it depends is not"); 35 U.S.C. § 282. Accordingly, if claim 1 of the '653 Patent were rendered invalid to the extent it was found to cover the Home Product, the dependent claims could still be valid and NOSSK's products could be found to infringe those claims. NOSSK was therefore required to show likelihood of success as to invalidity for the dependent claims of the '653 Patent in addition to claim 1.

17

* * *

Based on the above reasoning, the Court finds that NOSSK has failed to meet its burden for showing likelihood of success on the merits. Absent a showing of likelihood of success on the merits, the Court declines to assess whether NOSSK has met its burden as to the other *Winter* factors. *Guzman v. Shewry*, 552 F.3d 941, 948 (9th Cir. 2009).

**IV.  ORDER**

For the foregoing reasons, IT IS HEREBY ORDERED that NOSSK's motion for a preliminary injunction is DENIED.

Dated:  April 12, 2022

_____
BETH LABSON FREEMAN
United States District Judge