UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| NOSSK, INC.,<br><br>    Plaintiff,<br><br>v.<br><br>FITNESS ANYWHERE LLC, et al.,<br><br>    Defendants. | Case No. 21-cv-08914-BLF<br><br>**ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF NOSSK, INC.'S MOTION TO STRIKE AND DISMISS DEFENDANT FITNESS ANYWHERE LLC'S FIRST AMENDED COUNTERCLAIMS AND THIRD-PARTY CLAIMS**<br><br>[Re: ECF No. 45] |

Before the Court is Plaintiff NOSSK, Inc. and third parties WONODA, Inc. ("WONODA"), Wolfgang Ott, and Nadia Ott's (collectively, the "Third-Party Defendants) Motion to Strike and Dismiss Defendant Fitness Anywhere LLC's d/b/a TRX ("TRX") First Amended Counterclaims and Third-Party Claims. *See* Motion, ECF No. 45. NOSSK, Inc. and the Third-Party Defendants (collectively, "NOSSK") seek relief regarding a selection of TRX's counterclaims. NOSSK moves the Court to strike all claims against the Third-Party Defendants. Further, NOSSK moves to dismiss TRX's piercing the corporate veil, successor liability, and tortious interference claims, along with certain theories on which it brings California Unfair Competition Law ("UCL") claims. TRX opposes. *See* Opposition, ECF No. 53.[1]

Based on the below reasoning, (1) the Court DENIES NOSSK's motion to strike as to TRX's claims against the Third-Party Defendants; (2) the Court GRANTS NOSSK's motion to dismiss WITH LEAVE TO AMEND as to TRX's piercing the corporate veil, successor liability, and tortious

---

[1] The Court ADMONISHES the parties that they must proofread papers filed with the Court. Spelling errors abound in the briefs. *See* Reply, ECF No. 56 at 1:19 ("NOOSK"); Motion, ECF No. 45 at 6:8 ("WODONA"); Opposition, ECF No. 53 at 2:23 ("Weather").

interference counterclaims; and (3) the Court GRANTS NOSSK's motion to dismiss IN PART as to TRX's UCL counterclaim WITHOUT LEAVE TO AMEND.

## I. BACKGROUND

TRX is a Delaware corporation with its principal place of business in California. *See* First Amended Answer ("FAA"), ECF No. 39 ¶ 95. It sells suspension trainer exercise devices. *See id.* ¶ 170. NOSSK and WONODA are California corporations with their principal place of business in California. *See id.* ¶¶ 96–97. Wolfgang Ott is a California resident who is CEO and co-owner of NOSSK, CFO of WONODA, and CEO and co-owner of WOSS Enterprises LLC ("WOSS"). *See id.* ¶ 99. Nadia Ott, Wolfgang's wife, is a California resident who is director and co-owner of NOSSK, CEO and director of WONODA, and director and co-owner of WOSS. *See id.* ¶ 100. NOSSK and WONODA sell exercise devices, including through Amazon.com. *See id.* ¶¶ 10, 119.

In a prior action before this Court—*Fitness Anywhere LLC v. WOSS Enterprises* LLC, No. 5:14–cv–01725–BLF (N.D. Cal.) (the "WOSS Action")—TRX won a judgment of $13,002,462.70 against WOSS for patent and trademark infringement. *See* WOSS Action, ECF No. 305. WOSS declared bankruptcy before judgment was issued. *See* WOSS Action, ECF No. 253.

On November 17, 2021, NOSSK filed the present action against TRX based on TRX's complaint to Amazon.com regarding alleged infringement by NOSSK of TRX's patent U.S. Patent No. 8,083,653 ("'653 Patent"). *See* Complaint, ECF No. 1. TRX's complaint allegedly led to Amazon.com removing some of NOSSK's products. *See id.* NOSSK seeks a declaration by the Court that its products do not infringe the '653 Patent and that the '653 Patent is invalid. *See* Complaint, ECF No. 1. NOSSK also brings trade libel, defamation, intentional interference with a business relationship, and intentional interference with prospective economic advantage claims, along with a claim that TRX violated the UCL. *See id.*

In its answer, TRX asserts counterclaims against NOSSK, Inc. and the Third-Party Defendants. *See* FAA, ECF No. 39. TRX asserts claims for (1) infringement of U.S. Patent No. 7,806,814 ("'814 Patent"), U.S. Design Patent No. D831,764 ("'764 Patent"), and the '653 Patent

2

1 against NOSSK, Inc. and the Otts; (2) common law and California common law trademark infringement against NOSSK, Inc. and the Otts; (3) piercing the corporate veil against the Otts; (4) successor liability under California law against NOSSK, Inc., WONODA, and the Otts; (5) violation of the UCL against NOSSK, Inc., WONODA, and the Otts; (6) tortious interference against NOSSK, Inc. and the Otts; and (7) fraudulent conveyance against Mr. Ott. *See* FAA ¶¶ 146–226. As the largest creditor of WOSS, TRX asserts claims against the Third-Party Defendants in part based on their alleged theft of assets from the bankrupt WOSS, including the WOSS trademark U.S. Reg. No. 4,656,299; various completed WOSS products held in storage at the time of the bankruptcy; and a website. *See id.* ¶¶ 106–145, 183–226.

NOSSK moves to strike and dismiss several of TRX's counterclaims. First, NOSSK moves to strike under Rule 12(f) TRX's claims against the Third-Party Defendants, arguing that they are insufficiently related to NOSSK's claims against TRX under Rule 14. *See* Motion, ECF No. 45 at 4–6. Second, NOSSK moves to dismiss under Rule 12(b)(6) TRX's corporate veil and successor liability claims because they cannot be asserted as separate causes of action. *See id.* at 7–9. Third, NOSSK moves to dismiss under Rule 12(b)(6) TRX's UCL claim predicated on patent infringement and any grounds not expressly claimed in TRX's First Amended Counterclaims. *See id.* at 9. Fourth, NOSSK moves to dismiss under Rule 12(b)(6) TRX's tortious interference claim since TRX does not plead disruption of any identified economic relationship. *See id.* at 9–10. TRX opposes. *See* Opposition, ECF No. 53.

**II.     LEGAL STANDARD**

**A.     Rule 12(b)(6)**

"A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief can be granted 'tests the legal sufficiency of a claim.'" *Conservation Force v. Salazar*, 646 F.3d 1240, 1241–42 (9th Cir. 2011) (quoting *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001)). When determining whether a plaintiff has stated a claim, the Court accepts as true all well-pled factual allegations and construes them in the light most favorable to the plaintiff. *Reese v. BP Exploration (Alaska) Inc.*, 643 F.3d 681, 690 (9th Cir. 2011). However, the Court need not "accept as true allegations that contradict matters properly subject to judicial notice" or

3

"allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." *In re Gilead Scis. Sec. Litig.*, 536 F.3d 1049, 1055 (9th Cir. 2008) (internal quotation marks and citations omitted). While a complaint need not contain detailed factual allegations, it "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is facially plausible when it "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* On a motion to dismiss, the Court's review is limited to the face of the complaint and matters judicially noticeable. *MGIC Indem. Corp. v. Weisman*, 803 F.2d 500, 504 (9th Cir. 1986); *N. Star Int'l v. Ariz. Corp. Comm'n*, 720 F.2d 578, 581 (9th Cir. 1983).

### B. Rule 12(f)

Rule 12(f) permits a court to "strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed.R.Civ.P. 12(f). Motions to strike are "generally viewed with disfavor, and will usually be denied unless the allegations in the pleading have no possible relation to the controversy, and may cause prejudice to one of the parties." *Sliger v. Prospect Mortg., LLC*, 789 F.Supp.2d 1212, 1216 (E.D. Cal. 2012) (citations omitted); *see also United States v. Wang*, 404 F.Supp.2d 1155, 1156 (N.D. Cal. 1991) ("[M]otions to strike should not be granted unless it is clear that the matter to be stricken could have no possible bearing on the subject matter of the litigation."). If a claim is stricken, "[i]n the absence of prejudice to the opposing party, leave to amend should be freely given." *Wyshak v. City Nat'l Bank*, 607 F.2d 824, 826 (9th Cir. 1979) (citations omitted).

### C. Leave to Amend

In deciding whether to grant leave to amend, the Court must consider the factors set forth by the Supreme Court in *Foman v. Davis*, 371 U.S. 178 (1962), and discussed at length by the Ninth Circuit in *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048 (9th Cir. 2003). A district court ordinarily must grant leave to amend unless one or more of the *Foman* factors is present: (1) undue delay, (2) bad faith or dilatory motive, (3) repeated failure to cure deficiencies by amendment,

4

1     (4) undue prejudice to the opposing party, or (5) futility of amendment. *Eminence Capital*,
2     316 F.3d at 1052. "[I]t is the consideration of prejudice to the opposing party that carries the
3     greatest weight." *Id.* However, a strong showing with respect to one of the other factors may
4     warrant denial of leave to amend. *Id.*

**III. DISCUSSION**

    **A. Third-Party Counterclaims**

NOSSK moves to strike TRX's counterclaims against the Third-Party Defendants under Rule 12(f). *See* Motion, ECF No. 45 at 4–6. NOSSK argues that under Rule 14 of the Federal Rules of Civil Procedure, a defendant may assert claims against a nonparty only when the defendant's liability is in some way dependent on the outcome of the main claim—which is not the case here. *See id.* In response, TRX argues that Rule 14 applies to impleader and is irrelevant here. *See* Opposition, ECF No. 53 at 2–3. TRX argues that its counterclaims against the Third-Party Defendants are governed by Rules 13 and 19—not Rule 14. *See id.* TRX argues that under Rule 13, its counterclaims against the Third-Party Defendants are compulsory counterclaims that "arise[] out of the transaction or occurrence that is the subject matter of" NOSSK's claims. *See id.* at 2 (citing Fed. R. Civ. P. 13(a)(1)). Further, TRX argues that Rule 13 indicates that Rules 19 and 20 govern the addition of a party as a counterclaim defendant. *See id.* (citing Rule 13(h)). Additionally, TRX argues that the Otts are required parties under Rule 19, since in their absence "the court cannot accord complete relief among existing parties" as the WOSS Action demonstrated. *See id.* at 2. On reply, NOSSK argues that TRX was required to file a Rule 13(h) motion—which it did not—if it wished to bring counterclaims against the Third-Party Defendants. *See* Reply, ECF No. 56 at 1. Further, NOSSK argues that TRX appears to be arguing that the Otts are jointly and severally liable to TRX along with NOSSK, so TRX could only seek permissive joinder under Rule 20 (an argument TRX does not raise)—not mandatory joinder under Rule 19. *See id.* NOSSK also argues that TRX fails to provide any argument for why WONODA should be joined. *See id.*

Rules 19 and 20 govern the joinder of third-party counterclaim defendants. *See* Fed. R. Civ. P. 13(h). Under Rule 19, joinder of a party is required if it "will not deprive the court of subject-matter jurisdiction" and if (1) "in that person's absence, the court cannot accord complete relief

5

among existing parties" or (2) "that person claims an interest relating to the subject of the action and is so situated that disposing of the action in the person's absence may: (i) as a practical matter impair or impede the person's ability to protect the interest; or (ii) leave an existing party subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations because of the interest." *See* Fed. R. Civ. P. 19(a)(1). Further, under Rule 20, a party may be joined if (1) "any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences" and (2) "any question of law or fact common to all defendants will arise in the action." *See* Fed. R. Civ. P. 20(a)(2).

First, the parties dispute whether TRX was required to file a Rule 13(h) motion to join the Third-Party Defendants. The Court finds that it was proper for TRX to join the Third-Party Defendants without the Court's leave in filing their initial answer and counterclaims and in amending their answer as a matter of course. *See Metallgesellschaft AG v. Foster Wheeler Energy Corp.*, 143 F.R.D. 553, 557 (D. Del. 1992) (finding that defendant's "right to add a counterclaim in response to [plaintiff's] amended complaint included the right to add new parties without leave of court, consistent with Fed.R.Civ.P. 13(h)"). NOSSK can point to no authority other than a non-binding treatise to support its contention that TRX needed leave of the Court to join the Third-Party Defendants. *See* Reply, ECF No. 56 at 1 (citing Wright & Miller, 6 Fed. Prac. & Proc. Civ. § 1446 (3d ed.)).

Second, the parties dispute whether the Third-Party Defendants could be joined under Rules 13, 19, and 20. As to the Otts, the Court finds that they were appropriately joined as required parties under Rule 19. Given TRX's alleged history with the Otts—it was unable to recover a $13 million judgment against the Otts' company WOSS because it went bankrupt and the Otts allegedly converted WOSS property to establish NOSSK, Inc.—the Court agrees with TRX that "the court cannot accord complete relief" without joining the Otts. *See* Fed. R. Civ. P. 19(a)(1)(A); *see also* Fed. R. Civ. P. 19(a)(1)(B). NOSSK hardly addresses TRX's Rule 19 argument at all, instead arguing that TRX is asserting that the Otts are jointly and severally liable to TRX along with NOSSK, Inc. and therefore they can only be joined under Rule 20. *See* Reply, ECF No. 56 at 1.

1  The Court disagrees that TRX asserts joint and several liability. Rather, TRX asserts that the court

2  cannot accord complete relief under Rule 19 without joining the Otts.[2] Finding TRX's Rule 19

3  argument compelling, the Court finds that TRX properly joined the Otts.

4  As to WONODA, the Court finds that NOSSK has failed to show why striking TRX's claims

5  is appropriate. The Court finds that TRX's allegations are sufficient to warrant joinder of

6  WONODA under Rules 13, 19, and 20 of the Federal Rules of Civil Procedure. TRX alleges that

7  WONODA was integrally involved with the improper repurposing of WOSS assets at the heart of

8  TRX's UCL claim against NOSSK and the other Third-Party Defendants. *See* FAA, ECF No. 39

9  ¶¶ 144, 186, 204, 206–208; *Coughlin v. Rogers*, 130 F.3d 1348, 1350 (9th Cir. 1997) (Rule 20 "same

10  transaction" requirement "refers to similarity in the factual background of a claim"). Further, given

11  the allegedly intertwined nature of NOSSK, WONODA, WOSS, and the Otts, the Court finds that

12  joinder of WONODA is appropriate. *See Gonzalez v. Metopolitan Transp. Authority*,

13  174 F.3d 1016, 1019 (9th Cir. 1999) (appropriateness of Rule 19 joinder is "a pragmatic and

14  equitable judgment"); *Republic of Philippines v. Pimentel*, 553 US 851, 871 (2008) (Rule 19 joinder

15  involves consideration of "the societal interest in the efficient administration of justice and the

16  avoidance of multiple litigation"); *see also Coughlin*, 130 F.3d at 1350. NOSSK argues that TRX

17  did not raise a Rule 20 argument or any argument supporting joinder of WONODA in its Opposition.

18  *See* Reply, ECF No. 56 at 1. But TRX argued that Rules 13, 19, and 20 support its third-party

19  claims. *See* Opposition, ECF No. 53 at 2–3. Further, NOSSK appears to acknowledge that TRX

20  alleges that all the Third-Party Defendants are jointly and severally liable for TRX's claims, which

21  would make Rule 20 joinder appropriate. *See* Opposition, ECF No. 56 at 1; *Temple v. Synthes*

22  *Corp.*, 498 U.S. 5, 7 (1990). And NOSSK has failed to argue that any prejudice to existing parties

23  would result from joinder of WONODA. *See Visendi v. Bank of Amer., N.A.*, 733 F.3d 863, 870

24  (9th Cir. 2013).

25  Accordingly, the Court DENIES NOSSK's motion to strike TRX's counterclaims against

---

[2] Even if Rule 19 does not apply to joinder of the Otts, NOSSK appears to concede that Rule 20 would be a proper basis for joining them as a party to this action. *See* Reply, ECF No. 56 at 1.

7

the Third-Party Defendants.[3]

### B.     Claim 6 – Piercing Corporate Veil

NOSSK moves to dismiss TRX's sixth counterclaim—a claim for piercing the corporate veil under California law against the Otts. *See* Motion, ECF No. 45 at 7–8. First, NOSSK argues that piercing the corporate veil is not a separate cause of action. *See id.* at 7. NOSSK argues that TRX can only use the doctrine of piercing the corporate veil to hold the Third-Party Defendants liable for other claims against NOSSK, Inc., WOSS, or WONODA. *See* Reply, ECF No. 56 at 3. Second, NOSSK argues that TRX's bare and conclusory allegations are insufficient to show that it is entitled to the "drastic remedy" of disregarding the corporate form. *See* Motion, ECF No. 45 at 7–8. In response, TRX argues that its claim for piercing the corporate veil is a separate claim to transfer the liability for the $13 million judgment from the WOSS Action to the Otts. *See* Opposition, ECF No. 53 at 3. TRX argues that it is not seeking these $13 million in damages through any of its other claims. *See id.*

The Court agrees with NOSSK that TRX cannot assert piercing the corporate veil as a separate cause of action. "A request to pierce the corporate veil is only a means of imposing liability for an underlying cause of action and is not a cause of action in and of itself." *Rachford v. Air Line Pilots Ass'n*, No. C 03-3618PJH, 2006 WL 1699578, at *6 (N.D. Cal. June 16, 2006) (quoting *Local 159 v. Nor-Cal Plumbing, Inc.*, 185 F.3d 978, 985 (9th Cir.1999)). TRX points to no authority indicating a party can assert a standalone claim for piercing the corporate veil and fails to address any of the authority cited by NOSSK. *See* Opposition, ECF No. 53 at 3.

Accordingly, the Court hereby DISMISSES TRX's piercing the corporate veil counterclaim. However, the Court also agrees with NOSSK that TRX can use the doctrine of piercing the corporate veil to extend liability for substantive claims to alter egos. *See* Reply, ECF No. 56 at 2–3.

---

[3] For the first time on reply, NOSSK also argues in a footnote that the Court should dismiss TRX's claim of infringement of the '814 Patent as to the RT-17 and Cyclone products because of TRX's admissions in the WOSS Action. *See* Reply, ECF No. 56 at 2 n.2. The Court hereby STRIKES this argument from NOSSK's reply. *See Zamani v. Carnes*, 491 F.3d 990, 997 (9th Cir. 2007) ("The district court need not consider arguments raised for the first time in a reply brief."); Civil Standing Order IV.F ("Excessive footnotes will be disregarded.").

1  Accordingly, the Court's dismissal is WITH LEAVE TO AMEND so TRX can direct its corporate
2  veil piercing allegations to its substantive claims.

### C. Claim 7 – California Successor Liability

NOSSK moves to dismiss TRX's seventh claim for successor liability under California law against NOSSK, Inc., WONODA, and the Otts. *See* Motion, ECF No. 45 at 8–9. As with TRX's claim for piercing the corporate veil, NOSSK argues that a party cannot bring a separate claim for successor liability. *See id.* Rather, NOSSK argues that successor liability merely extends the liability on an underlying cause of action to other parties. *See id.* In response, TRX argues that its successor liability is a separate claim for which it seeks $13 million in liability based on the judgment in the WOSS Action. *See* Opposition, ECF No. 53 at 3.

The Court agrees with NOSSK. "Successor liability requires an underlying cause of action and merely extends the liability on that cause of action to a corporation that would not otherwise be liable." *See Brown Bark III, L.P. v. Haver*, 219 Cal.App.4th 809, 822–23 (2013); *see also AJZN, Inc. v. Yu*, No. 12–CV–03348–LHK, 2013 WL 97916, at *3 (N.D. Cal. Jan. 7, 2013) (successor liability claim "cannot stand alone"). TRX points to no authority indicating that a successor liability claim is a standalone claim. Rather, TRX merely asserts that it is "demonstrably false" that a successor liability claim cannot stand on its own—without engaging with any of NOSSK's authority indicating otherwise. *See* Opposition, ECF No. 53 at 3.

Accordingly, the Court DISMISSES TRX's successor liability counterclaim WITH LEAVE TO AMEND to direct its successor liability allegations to its substantive claims.

### D. Claim 8 – UCL

NOSSK moves to dismiss TRX's UCL counterclaim in part on two grounds: (1) to the extent TRX's UCL claim is based on NOSSK's alleged patent infringement, it is preempted by federal law and (2) TRX's attempt to plead "example[s]" of the bases for its UCL claim violates the notice pleading requirements under Rule 8. *See* Motion, ECF No. 45 at 9. The Court considers each issue in turn.

#### 1. Patent Infringement Theory

NOSSK moves to dismiss one of the theories on which TRX bases its UCL claim—namely,

1   that NOSSK violated the UCL because it is "guilty of patent violations via the sale of products
2   described and claimed as Counts I, II, and III." *See* FAA ¶ 205.  NOSSK argues that courts have
3   found that any UCL claim predicated on patent infringement is preempted by federal patent law.
4   *See* Motion, ECF No. 45 at 9; Reply, ECF No. 56 at 3–4.  In response, TRX seeks to distinguish the
5   Supreme Court case NOSSK cites—*Sears, Roebuck & Co. v. Stiffel Co.*, 376 U.S. 225 (1964). *See*
6   Opposition, ECF No. 53 at 3–4.  TRX argues that *Sears* only applies where a state law unfair
7   competition claim is an attempt to assert an invalid patent—and here TRX's UCL claim is based on
8   NOSSK's alleged violation of TRX's patents, which are presumed valid. *See id.*

9         The Court agrees with NOSSK.  TRX provides no authority in support of its position that a
10  UCL claim can be based solely on patent infringement.  Further, TRX's effort to distinguish the
11  *Sears* case ignores ample caselaw holding that a UCL claim duplicative of a patent infringement
12  claim is preempted by federal law, including the *Stiles* case NOSSK cites. *See Stiles v. Wal-Mart*
13  *Stores, Inc.*, No. 2:14–CV–2234–GEB–CMK, 2015 WL 5173060, at *5 (E.D. Cal. Sep. 2, 2015)
14  ("As to plaintiff's claim of unfair competition under California Business and Professions Code
15  § 17200, defendants are correct in noting that, where such a claim is premised on patent
16  infringement, as is the case here, the claim is preempted by federal patent laws.") (citation omitted);
17  *see also Kenu, Inc. v. Belkin Int'l, Inc.*, No. 15–cv–01429–JD, 2018 WL 2445318, at *4 (N.D. Cal.
18  May 31, 2018) ("[S]tate unfair competition laws are preempted by the federal patent law to the
19  extent the claims are duplicative and contain no qualitatively different element.") (citing *Summit*
20  *Mach. Tool Mfg. Corp. v. Victor CNC Sys., Inc.*, 7 F.3d 1434, 1439–40 (9th Cir. 1993)); *Carson*
21  *Cheng v. AIM Sports, Inc.*, No. CV 10–3814 PSG (PLAx), 2012 WL 12953239, at *2 (C.D. Cal.
22  May 11, 2012) ("State law torts are preempted by federal patent law where the conduct underlying
23  the state tort cause of action is not separate and independent from the patent law claims.").  In line
24  with other courts, the Court finds that TRX's UCL claim based on NOSSK's alleged patent
25  infringement is preempted by federal law, since such a UCL claim is entirely duplicative of patent
26  claims and contains no qualitatively different element. *See Summit*, 7 F.3d at 1439–40.

27        Accordingly, the Court DISMISSES TRX's UCL claim to the extent it is based on NOSSK's
28  alleged patent infringement.  Since amendment would be futile as to TRX's UCL claim based on

patent infringement, the Court's dismissal is WITHOUT LEAVE TO AMEND as to this theory. *See Eminence Capital*, 316 F.3d at 1052.

### 2. Example Allegations

NOSSK also moves to dismiss TRX's UCL claim to the extent that the four "example[s]" of bases for its UCL claim are merely sample allegations and TRX intends to pursue UCL claims based on other, unalleged conduct. *See* Motion, ECF No. 45 at 9. NOSSK argues that TRX's "example" allegations violate Rule 8, since they do not provide NOSSK fair notice. *See id.* NOSSK does not seek to dismiss TRX's UCL claim to the extent it is based on any of the "example" theories (other than its patent infringement theory, as outlined above). *See* Reply, ECF No. 56 at 4. Rather, NOSSK only seeks to dismiss TRX's UCL claim to the extent it is based on other, unalleged theories. *See id.* TRX does not respond to NOSSK's argument as to TRX's "example" UCL allegations. *See* Opposition, ECF No. 53 at 3–4.

The Court declines to dismiss TRX's "example" allegations. TRX is bound by its pleading, and there is no indication that it will seek liability outside of its allegations supporting its UCL claim. Further, if TRX identifies through discovery additional theories of liability under the UCL, it may seek leave to amend under Rules 15 or 16 of the Federal Rules of Civil Procedure.

Accordingly, the Court DENIES NOSSK's motion to dismiss as to TRX's "example" UCL allegations.

### E.   Claim 9 – Tortious Interference

NOSSK moves to dismiss TRX's tortious interference claim because TRX does not allege interference with any existing, identified contract. *See* Motion, ECF No. 45 at 9–10. Rather, TRX alleges that NOSSK interfered with its prospective economic advantage based on the theory that it generally lost business to NOSSK. *See id.* at 10. NOSSK argues that TRX's relationship with prospective customers is too speculative to serve as the basis for its tortious interference claim. *See id.* In response, TRX argues that "the Court may presume that in a fight between the TRX products and the NOSSK competitive products on Amazon, product sale will be disrupted to the financial detriment of TRX." *See* Opposition, ECF No. 53 at 4–5. TRX argues that as a result, its allegations include a sufficient degree of certainty regarding anticipated benefits to support a tortious

11

1  interference claim. *See id.* at 4.

2  The Court agrees with NOSSK. NOSSK points to caselaw indicating that a tortious
3  interference claim cannot be directed to "a relationship which has yet to arise." *See Roy Allan Slurry*
4  *Seal, Inc. v. Amer. Asphalt S., Inc.*, 2 Cal.5th 505, 518 (2017). TRX argues that the *Roy Allan* case
5  applies only to government contracts, but the Court disagrees. And NOSSK points to another case
6  that is even clearer on the requirements of a tortious interference claim and does not involve
7  government contracts. *See Westside Ctr. Assocs. v. Safeway Stores 23, Inc.*, 42 Cal.App.4th 507,
8  518 (1996) ("[T]he interference tort applies to interference with existing noncontractual relations
9  which hold the promise of future economic advantage. In other words, it protects the expectation
10 that the relationship eventually will yield the desired benefit, not necessarily the more speculative
11 expectation that a potentially beneficial relationship will eventually arise."). TRX can point to no
12 authority supporting that a properly pled tortious interference claim can be based on prospective
13 customer relationships like the ones TRX alleges NOSSK disrupted. *See* Opposition, ECF No. 53
14 at 4–5; FAA ¶¶ 212, 214, 216.

15 Accordingly, the Court GRANTS NOSSK's motion to dismiss TRX's tortious interference
16 counterclaim WITH LEAVE TO AMEND. *Eminence Capital*, 316 F.3d at 1052.

17 **F.    TRX's Motion for Leave to File a Motion for "Early Veil Determination"**

18 In its opposition to NOSSK's motion to dismiss, TRX seeks leave to file a motion for an
19 early determination that NOSSK, Inc. and the other Ott entities are merely alter egos of the Otts.
20 *See* Opposition, ECF No. 53 at 5–6. The Court hereby STRIKES TRX's briefing on this issue as
21 an improper attempt to seek affirmative relief in its opposition. *See Finjan, Inc. v. Blue Coat Sys.,*
22 *Inc.*, No. 13–cv–03999–BLF, 2015 WL 3630000, at *13 n.8 (N.D. Cal. June 2, 2015). Moreover,
23 the Court limits parties to one summary judgment motion per side in the life of the case without
24 express leave of Court to file additional dispositive motions.

**IV.   ORDER**

For the foregoing reasons, IT IS HEREBY ORDERED that:

1.    NOSSK's motion to strike TRX's claims against WONODA, Wolfgang Ott, and

Nadia Ott is DENIED;

2. NOSSK's motion to dismiss TRX's piercing the corporate veil claim is GRANTED WITH LEAVE TO AMEND;

3. NOSSK's motion to dismiss TRX's California successor liability claim is GRANTED WITH LEAVE TO AMEND;

4. NOSSK's motion to dismiss TRX's UCL claim based on NOSSK's alleged patent infringement is GRANTED WITHOUT LEAVE TO AMEND;

5. NOSSK's motion to dismiss TRX's "example" allegations in support of its UCL claim is DENIED;

6. NOSSK's motion to dismiss TRX's tortious interference claim is GRANTED WITH LEAVE TO AMEND;

7. TRX's briefing in support of its request for leave to file a motion for "early veil determination" is STRUCK; and

8. TRX SHALL file an amended pleading within 21 days of this Order.

Dated: May 11, 2022

BETH LABSON FREEMAN
United States District Judge